UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No: CIV-MIDDLEBROOKS

UNITED STATES OF AMERICA

Plaintiff

MAGISTRATE
BANDSTRA

vs.

ELISA FOWKS

Defendant
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $2313.98, plus interest on this principal amount computed at the rate of 8.00 percent per annum in the amount of $1909.71, plus interest thereafter on this principal from January 10, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $40.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.



WHEREFORE, plaintiff prays judgment against the defendant for the total of $4263.69, plus interest at 8.00 percent per annum on the principal amount of $2313.98, from January 10, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this __19__ day of __JANUARY__, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: _____
Mary F. Dooley
99 NE 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. (3050 961-9311
Fax No. (305) 530-7195

# U.S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

> Elisa Fowks
> AKA: Elisa Garcia
> 410 NW 99th Way
> Pembroke Pines, FL 33026-
>
> SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 02/12/99.

On or about 10/21/86, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 from First Bank, (N.A.), Milwaukee WI at 8.00 percent interest per annum. This loan obligation was guaranteed by Northstar Guarantee, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payments according to the terms of the note(s), and credited $344.64 payments to the outstanding principle owed on the loan(s). The borrower defaulted on the obligation on 05/26/89 and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,313.98 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 06/11/93 assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,313.98 |
| Interest: | $1,741.44 |
| Administrative/Collection Costs | $40.00 |
| Late Fees: | $0.00 |
| Total debt as of 02/12/99: | $4,095.42 |

Interest accrues on the principal shown here at the rate of $0.51 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 2/25/99    Name: _____

Title: Loan Analyst

Branch: Litigation



PLEASE PRINT CLEARLY IN DARK INK
BE SURE TO PUT YOUR INITIALS BY ANY CORRECTIONS YOU HAVE TO MAKE.

# GUARANTEED STUDENT LOAN PROMISSORY NOTE

Your Name: Garcia, Elisa
Your SSN: 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
Your Address: 270 W 54 St.
Your City/State/ZIP: Hialeah, Fl. 33012

## A. IMPORTANT – READ THIS INFORMATION CAREFULLY
The terms "I" and "me" refer to the borrower.

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or HEAF.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan    c) the dollar amount of the origination fee I will pay    e) my disbursement schedule (when I will get my loan checks)
   b) the interest rate I will pay          d) the dollar amount of the guarantee fee I will pay       f) how long my grace period will be

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash any loan checks.
I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

## B. PROMISE TO PAY

I, _Elisa Garcia_ (Print Your Name as Borrower), promise to pay to the order of _First Bank, (N.A.)_

Milwaukee, Wisconsin

All of the following amounts:

1) The entire Loan Amount Requested or such lesser amount as is loaned. LOAN AMOUNT REQUESTED: $ 2500.00

2) Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as that of my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%.
I further understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described in Section D below, and (c) during the time my loan payments are deferred as allowed by Section F below.

3) The guarantee fee (which is .75% per annum of the Loan Amount Requested for the anticipated in-school period plus six months). The fee will be deducted from the initial disbursement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which will, at the lender's option, be applied to my loan balance or be returned to me.

4) The Origination Fee, which will be deducted from the proceeds of the loan. The fee is determined by federal law and will be reflected on my disclosure statement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive.

## C. GENERAL
I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

## D. REPAYMENT
I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of HEAF governing the GSLP. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
   a) The lender may require a repayment period shorter than five years to ensure that the payments of all my loans, GSL and PLUS, including those of my spouse, are at least $600.00 per annum of the unpaid principal balance, whichever is less. These terms apply to all holders of my loans, GSL and PLUS.
   b) Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5-, 10-, and 15-year periods mentioned above.
4) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
5) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 3 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
6) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

## E. PREPAYMENT
At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I may be entitled to a refund of unearned interest. The amount of any such rebate will be computed by the same method by which interest payments were computed.

HEAF Form 207A 02-86

## F. DEFERMENT
I understand that in certain instances the payments I am required to make under Section D may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

## G. MODIFICATION OF REPAYMENT TERMS
If I am unable to repay this loan in accordance with the terms established under Section D, I request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different from Deferment (Section F) and that during this period I will remain responsible for payment of interest which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of the loan.

## H. DEFAULT & ACCELERATION
If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest and applicable late charges, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and REPAYMENT in this Promissory Note. Under HEAF regulations governing the GSLP, any of the following events is a default:
1) Failing to make any payment when due.
2) Making any false representation for the purposes of obtaining this loan.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my in-school period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change graduation date, (c) change my name or (d) change my address

If I default, I will also pay all charges and other costs — including attorney's fees — that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring the amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, lender may endorse this Promissory Note to HEAF. I will then be required to pay HEAF all amounts owed.

## I. CREDIT BUREAU NOTIFICATION
If I default on this loan, the lender or HEAF may report the default to credit bureau organizations and may significantly and adversely affect my credit rating. The lender must provide information on repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to any credit bureau organizations.

## J. LATE CHARGES
If permitted by law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less.

**NOTICE TO BORROWER**
(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER.

X _Elisa Garcia_       10/21/8
Sign Your Name                Today's Date

GARCIA, ELISA,
CLAIM NO 1993090358289 C6-11-93
SSN 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  ID  1

and agrees that the lender has expressly reserved its right against the endorser notwithstanding any deferment in accordance with Section F of this note or modification of repayment terms in accordance with Section G of this Note of which the endorser has no notice.

LENDER COPY

(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES OF AMERICA

**DEFENDANTS**

ELISA FOWKS

00-6092 CIV-MIDDLEBROOKS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B Broward / 00 cv 6092 / middlebrooks / Bandstra

MAGISTRATE JUDGE BANDSTRA

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT
99 N.E. 4th Street suite 300
Miami, FL 33132-2111 (305)961-9311

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 2 U.S. Government Defendant
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation |  | 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B[ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med Malpractice | B[ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | B[ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | B[ ] 630 Liquor Laws | A PROPERTY RIGHTS | B[ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | B[ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | B[ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [X] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | B[ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| B[ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | B[ ] 690 Other | | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | B[ ] 510 Motions to Vacate Sentence | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| B[ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | B[ ] 530 General | | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | A[ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | A[ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | B[ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | A[ ] 871 IRS – Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | B[ ] 550 Civil Rights | | | A OR B |
| | | B[ ] 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARNATOR OF A DEFAULTED FEDERAL STUDENT LOAN 34 CFR 682.100 (4) (d)

LENGTH OF TRIAL via __0__ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23
DEMAND $ 4263.69 plus interest and costs
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 1/19/00
SIGNATURE OF ATTORNEY OF RECORD
Mary F. Dooley

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____